## ABRAHAM DOWDNEY *against* GEORGE W. McCOLLOM.

The claimant under a mechanic's lien filed against property in the city of New York, in a proceeding to enforce his lien, was allowed less than the sum claimed by him, and appealed from the judgment in the proceeding. The owner then, upon the refusal of the claimant to receive it, paid the amount of the judgment into court, and applied to have the property released from the lien. *Held*, that as the judgment had been appealed from by the claimant and not by the owner, the lien could not be discharged except by making a deposit with the county clerk, as prescribed by L. 1863, § 10, subd. 2.

APPEAL by plaintiff from an order of the special term of this court, directing the discharge of a mechanic's lien.

On March 20th, 1873, the plaintiff filed a lien against certain buildings belonging to the defendant and situated on the northerly side of Seventy-fourth street and the southerly side of Seventy-fifth street, near Madison avenue, in the city of New York, to secure a claim of $15,212 65, for materials furnished to the defendant, and used in the erection of said buildings.

An action was subsequently commenced in this court to foreclose said lien, and David McAdam, Esq., was appointed referee to hear and determine. On July 17th, 1873, the referee made his report in favor of the plaintiff for the sum of $954 20, and on July 23d, 1873, judgment was entered thereon. From this judgment the plaintiff appealed to the general term of this court, claiming that he should have recovered the full amount secured by his lien.

After the appeal had been taken, the defendant tendered to the plaintiff the amount of the judgment and interest, and as the latter refused to receive the same, he deposited it with the clerk of this court to the credit of this action. He thereupon requested the county clerk to discharge the lien of record, and upon his refusal to comply with the request, he applied to this court for an order directing him so to do.

An order was accordingly made at the special term directing the discharge of the lien upon terms. From this order the plaintiff appealed to the general term.

*Alexander Thain,* for appellant.

*Ashbel Green,* for respondent.

Loew, J.—The tenth section of the mechanic's lien act, relative to the city of New York (Laws of 1863, chap. 500, § 10), specifies the cases and prescribes the manner in which liens may be discharged. The express provision thus made for the discharge of liens in certain cases precludes any implication of a legislative intent that they may be discharged in other cases not mentioned. The maxim *expressio unius est exclusio alterius* applies. I therefore agree with the special term of the Superior Court (*Fettretch* v. *Totten,* 2 Abb. Pr. N. S. 264), that in order to obtain the discharge of a lien, one of the various modes prescribed by the statute must be pursued, and that no lien can be discharged in any other case or in a different manner from that provided by the act in question.

The judgment in the case now under consideration provided that upon its payment the lien should be discharged. Undoubtedly the plaintiff might have accepted the amount in satisfaction thereof, and upon due proof of that fact the lien could have been discharged (sec. 10, subd. 6). But the mere tender to the lienor of the amount of the judgment, and its subsequent payment into court, upon his refusal to receive the same, did not entitle the defendant to a discharge of the lien.

The fourth subdivision of the section referred to (sec. 10, subd. 4), provides for a discharge of the lien, " by a judgment or docket of a judgment exempting such property after ten days, on proof of notice of such judgment, *and that ten days have elapsed, and no appeal has been taken therefrom.*" As by the terms of another section (sec. 7), an appeal may be taken from any judgment or decree within *ten days* after notice of the entry thereof, it is clear to my mind that the Legislature intended that the lien should continue during the pendency of any appeal which might be taken. Of this right to have the lien continue in full force pending the appeal to the appellate tribunal, the lienor cannot be deprived by any order of the.

court, unless the same is made in conformity with the provisions of the lien law.

I am aware that in *Van Cleve* v. *Abbatt* (3 Abb. Pr. N. S. 144), it was held by this court at special term, that where a judgment is rendered in favor of the owner, the lien may be discharged of record, notwithstanding an appeal has been taken within the time allowed by the act, unless the proceedings are stayed by order of the court. But while I cheerfully concede that the opinion of the learned judge who rendered that decision is entitled to great weight, I am nevertheless constrained to differ from him in the view he has taken of the law on this point.

In my opinion, full force and effect should, if possible, be given to every part of the act. This can only be done by giving the tenth section the construction I contend for.

But the learned judge who delivered the opinion in *Van Cleve* v. *Abbatt* appears to have been of the opinion that the fourth subdivision of the section in question is in conflict with the seventh and eighth sections. With great respect, I submit that such is not necessarily the case. The seventh section provides for a trial of the issues before the court, either with or without a jury, or before a referee, and allows *any party* aggrieved by any decision ten days after notice of the judgment, within which to appeal from the same, or any part thereof. Now, if the decision be in favor of the owner, he may have judgment for his costs. In that event, he can enforce the same as fully as the lienor could any judgment that he might obtain ; and if the latter desires a stay of proceedings, he must appeal and procure such stay from the court, pursuant to section eight, in precisely the same manner as the owner would be compelled to do under similar circumstances.

It will thus be seen, that the only restriction imposed on the owner by the fourth subdivision of the tenth section, in case the decision is in his favor, is in regard to the discharge of the lien ; and as to that, I think the judgment itself should provide for the discharge thereof *after ten days*. The language employed is, that the lien may be discharged " by a

judgment or docket of a judgment, exempting such property *after ten days*, etc."

All that the owner is thereafter required to do, in case no appeal is taken, is to furnish proof that he has given notice of the judgment, and that ten days have elapsed, and no appeal has been taken therefrom, and he will be entitled to a discharge of the lien.

If I am correct in these views, it follows that it is unnecessary to make any order in reference to the continuance or discharge of the lien, during the pendency of the appeal, under the authority of section eight, which authorizes a judge of either the appellate court, or the court below, to make an order staying so much of the proceedings, on such terms as to security or otherwise as such court or judge may think proper. Indeed, I am of the opinion that the makers of the law never contemplated that the power conferred upon the court by the general language of that section should extend to and be exercised in respect of the lien itself.

In the present case, the plaintiff appealed from the judgment immediately after the same was entered. The lien could therefore be discharged, against his will, only in one of two ways.

1. By depositing with the county clerk, the amount of the lien and interest, and such additional sum as security for costs, as a judge of the court might order, the same to be held in lieu of the land and building (section 10, subd. 2); or,

2. By appealing from the judgment, furnishing security, and procuring an entry to be made by order of the court, to the effect that the judgment has been secured on appeal (section 10, subd. 5).

As neither of these modes was pursued, the order of the special term directing the lien to be discharged was unauthorized, and must be reversed with costs.

DALY, Ch. J., and LARREMORE, J., concurred.

Order reversed.